# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| RONALD CHAPPELL,<br>    Plaintiff, | Case No. 1:16-cv-659 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| LT. D. LEWIS, et. al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

In June 2016, plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), initiated this *pro se* prisoner civil rights action by filing a *pro se* complaint followed by an *in forma pauperis* application.  (*See* Docs. 1-2).  On June 28 and 29, 2016, the undersigned issued Reports and Recommendations to deny plaintiff's *in forma pauperis* application under the three-strikes rule set forth in 28 U.S.C. § 1915(g) in the absence of specific allegations in the complaint showing that plaintiff was under an "imminent danger of serious physical injury" at the time he commenced this action.  (*See* Docs. 3-4).  Thereafter, on July 7, 2016, plaintiff filed an objection to the recommended pauper ruling (Doc. 5), which is currently pending before the District Court.  This matter is now before the undersigned on the plaintiff's motion, which was also filed on July 7, 2016, to amend the complaint to add allegations "at paragraph 16" in order to satisfy the "imminent danger" exception to § 1915(g)'s three-strikes rule.  (*See* Doc. 7).[1]

Plaintiff's motion to amend the complaint (Doc. 7) is **GRANTED** in light of the Sixth

---

[1] It is noted that on July 7, 2016, plaintiff filed another motion requesting the issuance of a temporary restraining order/preliminary injunction based on the contention that plaintiff is in imminent danger of "attacks by [defendants] and other inmates and staff who are conspiring with [defendants] . . . for bringing this action against [defendants]."  (*See* Doc. 6).  That motion remains pending for adjudication following resolution of plaintiff's *in forma pauperis* application.

1

Circuit's decision in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). *See also Chavis v. Chappius,* 618 F.3d 162, 170-71 (2nd Cir. 2010) (vacating the lower court's decision to deny the prisoner leave to amend his complaint and allowing the amendment, which contained additional allegations that the circuit court found "might very well" satisfy the "imminent danger exception" to § 1915(g)'s "three strikes" rule). Because the amended complaint contains additional allegations regarding the "imminent danger" exception, the undersigned must reconsider the prior Reports and Recommendations to deny plaintiff's pauper application under § 1915(g).

As previously discussed in addressing plaintiff's original complaint (*see* Docs. 3-4), plaintiff brings claims against five SOCF staff members stemming from an incident that occurred at SOCF on June 22, 2014. (*See* Doc. 7, at PAGEID#: 34-35). Specifically, plaintiff challenges a search of his cell by one of the defendants, which allegedly resulted in the scattering and destruction of his "legal/personal property"; an attack on his person by three other defendants, who were called in to escort plaintiff to segregation when he complained about the search; the failure of the fifth defendant, a nurse, to treat or document plaintiff's injuries; and the defendants' conspiracy to cover-up of the attack by way of false conduct reports and lack of documentation of plaintiff's injuries. (*See id.*). In paragraph 16, plaintiff further alleges in pertinent part:

> I am in imminent danger of serious physical harm by Defts and others conspiring with them to harm me for filing grievance on incident and filing this action. I was in imminent danger of serious physical harm at time of filing original and this amended. Defts are attacking me, threatening me, through people they are conspiring with and paying inmates to do it for them to deter me from filing/continuing with this action and for filing grievance on incident. On 6-24-14 I was fed adulterated food and threatened from [defendant] CO Scott and told I can't hide and worse will happen if I file action or think of filing suit against him

2

> or anyone. Several threats from other staff and inmates for filing grievance on 6-22-14 incident. I wrote informal complaint on the incidents on 8-24-14, on 9-9-14, 9-11-14, 9-14-14. I was starved/fed adulterated and drugged food for filing stuff on incident and threats. On 12-19-15 inmates in cahoots with [defendants] CO Lane, CO Scott and others burned me up by throwing hot water on me. I asked for PC several times but request[s] are ignored or denied. Incident is on camera. I filed ICR on incident to no avail. Attacked/fed adulterated food on 6-19-16 and 6-27-16 for filing action. Still being told I can't hide and next time they will put razor blades in food. And told by staff and inmates in cahoots with Defts I will be beat for filing stuff real soon. I already been attacked several times by inmates in cahoots with Defts. . . . I wrote FBI and sent . . . samples to find out what drugs are being put in my food. Due to safety issues I was going to bring 42 USC 1985 action when I got safe. The FBI investigation is still open. They kept their word on other attacks and I can't get PC and I know they will get me again and it will be real bad and worse.

(*Id.*, at PAGEID#: 35-36).

The Sixth Circuit has provided the following guidance in addressing whether imminent danger has been sufficiently alleged to allow a prisoner subject to the three-strikes rule to proceed *in forma pauperis*:

> [W]e have explained that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 Fed.Appx. 560, 5612 (6th Cir. 2011). As such, a pro se plaintiff is "entitled to have his complaint liberally construed." *Id.* Because the exception constitutes a pleading requirement, a plaintiff "need[] only to assert allegations of imminent danger, he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 Fed.Appx. 28, 30 (6th Cir. 2012). A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor* [*v. First Med. Mgmt.,* 508 Fed.Appx. 488, 492 (6th Cir. 2012)] (internal quotation marks omitted).
>
> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797-98; *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations of past danger will not satisfy the 'imminent danger' exception.");

> *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."). . . .
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

In the instant case, plaintiff's allegations regarding conduct that allegedly occurred in 2014 and in December 2015 do not satisfy the temporal requirement of the "imminent danger" exception. *Cf. Gresham v. Christiansen*, No. 1:16cv428, 2016 WL 2763931, at *3 (W.D. Mich. May 13, 2016) (involving allegations about conduct that occurred more than six months prior to the filing of the complaint).  Plaintiff has generally alleged that on June 19 and 27, 2016, after the complaint was filed in this case, he was "attacked" and "fed adulterated food."  (*See* Doc. 7, at PAGEID#: 36).  He has also claimed that he was told that "next time" razor blades would be put in his food and that he would be beaten "real soon" for "filing stuff." (*Id.*).  Although plaintiff conclusorily asserts that the defendants are acting in "cahoots" with other correctional staff and inmates at SOCF to harm him, he has not provided any information about the June 2016 "attack" and "adulterated food" incidents that allegedly occurred or whether they even resulted in any injuries to plaintiff.  Furthermore, plaintiff has not provided specific information linking the defendants to the recent incidents or threats that were allegedly made.  In the absence of any supporting factual allegations about these more recent incidents and threats, plaintiff's allegations are simply too conclusory to support a reasonable inference that plaintiff is in

4

imminent danger of serious physical harm within the meaning of § 1915(g).  *Cf. Foster v. Ohio*, No. 3:15cv2256, 2016 WL 537475, at *3 (N.D. Ohio Feb. 11, 2016) (holding that in the absence of specific information as to "who is trying to kill [plaintiff], why they are trying to kill him, or how they are making these attempts," the plaintiff's allegations that "unknown" correctional officers were trying to kill him and had sprayed him with pepper spray did not satisfy the "imminent danger" exception to the three-strikes rule); *see also Dickson v. United States*, No. 6:16-CV-29-KKC, 2016 WL 866962, at *4 (E.D. Ky. Mar. 3, 2016) (finding that the plaintiff's allegations regarding various medical issues that were not being treated did not rise to the level of "a claim of imminent danger of *serious physical injury*") (emphasis in original).  *Contrast Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (involving allegations of imminent danger that were "far from conclusory" as the plaintiff provided "specific dates on which specific persons made specific [threats]" between the date of the assault by prison staff and the filing of the lawsuit two months later).

Accordingly, in sum, because the additional allegations contained in the amended complaint allowed herein do not satisfy the "imminent danger" exception, the undersigned stands by the Reports and Recommendations previously filed in this case to deny the plaintiff's application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).  (*See* Docs. 2-4).

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for leave to file an amended complaint (Doc. 7) is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative

fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

     3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                                                       s/Stephanie K. Bowman
                                                       Stephanie K. Bowman
                                                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RONALD CHAPPELL,                      Case No. 1:16-cv-659
    Plaintiff,

                                                     Dlott, J.
    vs.                                            Bowman, M.J.

LT D. LEWIS, et al.,
    Defendants.

## NOTICE

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc